IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN O'NEAL CRAIG,

    Petitioner,                   No. 03-CV-5384 ALA HC

    vs.

A.K. SCRIBNER, Warden,           <u>ORDER</u>

    Respondent.

_____/

    Petitioner is proceeding *pro se* with an application for writ of habeas corpus under 28 U.S.C. § 2254. In 1999, Petitioner was convicted in Superior Court of Stanislaus County for attempted escape, battery, and battery on a correctional officer. Petitioner was sentenced to twelve years to run consecutive with the forty-eight years he was serving at the time of this conviction. As explained below, Petitioner's application is dismissed because his claims are procedurally defaulted.

**I**

    On November 17, 1999, Petitioner was convicted in Superior Court of Stanislaus County for attempted escape, battery, and battery on a custodial officer. On May 31, 2001, the California Court of Appeal modified and affirmed Petitioner's conviction on direct appeal. Next, Petitioner filed what the California Supreme Court determined were three writs of habeas corpus,

1

all of which were denied on the ground that Petitioner failed to abide by California procedural rules.

## II

Federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under § 2254(d)(1), "[a] state court decision is 'contrary to'. . . clearly established [United States Supreme Court] precedents if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases,' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Supreme Court's] precedent." *Early v. Packer*, 537 U.S. 3, 8 (2002) (citing and quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).

Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant habeas corpus relief if the state court identified the correct governing legal principle from the Supreme Court's decisions, but unreasonably applied that principle to the facts of the prisoner's case. *Williams*, 529 U.S. at 413. A federal habeas court, however, "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (it is "not enough that a federal habeas court, in its independent review of the legal question, is left with a 'firm conviction' that the state court was 'erroneous'").

/////

2

/////

### III

In presenting his claims to the state court, a petitioner must comply with state procedural rules. *McQuown v. McCartney*, 795 F.2d 807 (9th Cir. 1986). The adequate and independent state grounds doctrine bars federal habeas review "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). Under that doctrine, a federal court will not review a question of federal law decided by a state court "if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Vang v. Nevada*, 329 F.3d 1069, 1072 (9th Cir. 2003) (quoting *Coleman*, 501 U.S. at 729). "In all cases in which a state prisoner has defaulted his federal claim in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

Petitioner contends that he filed "a petition for review" of the California Court of Appeal's decision with the California Supreme Court. Respondent asserts that Petitioner, filed "a petition for writ of habeas corpus." Respondent is correct. The California Supreme Court determined that what Petitioner mistakenly entitled "petition for review" was instead a writ of habeas corpus. California Supreme Court Order, S099112, filed on October 31, 2001. In denying this petition, the court cited *In re Waltreus*, 397 P.2d 1001, 1005 (Cal. 1965), which held that habeas corpus cannot be used as a second appeal. Petitioner did not file a motion for reconsideration before the California Supreme Court on the ground that he intended to file a petition for review on direct appeal.

In denying Petitioner's second petition for a writ of habeas corpus, the California Supreme Court cited *In re Clark*, 855 P.2d 729, 760 (Cal. 1993), for the proposition that "absent

3

1 justification in a single, timely petition for writ of habeas corpus, successive and/or untimely
2 petitions will be summarily denied."

3     Thereafter, Petitioner filed another petition for writ of habeas corpus. In denying
4 Petitioner's third petition for a writ of habeas corpus, the California Supreme Court held that
5 under California law that a successive petition based on the same grounds and facts as a prior
6 petition will be denied.

7     The California Supreme Court summarily dismissed Petitioner's three petitions for
8 habeas review based upon procedural grounds. Petitioner has failed to demonstrate that he filed
9 a direct appeal with the California Supreme Court challenging the California Court of Appeal's
10 affirmance of the trial court's judgment. Therefore, he has not met the state's procedural
11 requirements as required by *Coleman*, 501 U.S. at 729-30. Further, Petitioner has not
12 demonstrated any cause or actual prejudice that would justify federal review of his application
13 for habeas corpus relief.[1] Because Petitioner's claims were dismissed on adequate and
14 independent state grounds, this Court cannot reach their merits.

15 CONCLUSION

16     In accordance with the above, IT IS HEREBY ORDERED that Petitioner's application
17 for habeas corpus relief under § 2254 is dismissed.

18 /////

19 DATED: January 25, 2008

20                                    /s/ Arthur L. Alarcón
                                   UNITED STATES CIRCUIT JUDGE
21                                    Sitting by Designation

---

[1] In the Answer, Respondent argues that Petitioner's claims are procedurally defaulted. Petitioner waived his right to file a traverse in response to Respondent's argument. *See* Petitioner's Denial and Understanding to the Court Without Memorandum of Points and Authorities for Support. Petitioner stated that he is "unable to submit a rebuttal response" and asked "the Court to proceed on with Petitioner's matter." *Id.*